Shauck, C. J.
It being admitted that the bill was passed by both houses of the general assembly, and that the governor did not either sign it or return it to the house in which it originated with his objection thereto, its efficacy as a statute depends upon the following provision of the constitution: “If any bill passed by both houses of *208 the general assembly, and presented to the governor, is not signed and is not returned to the house wherein it originated and within ten days after being so presented, exclusive of Sunday and the day said "bill was presented, said bill shall be law as in like manner as - if signed.” Counsel for the plaintiff conclude that with respect to this bill there was not the presentation to the governor which this provision of the constitution obviously requires. Upon analysis of the argument which they advance in support of that conclusion; two general propositions appear: That the record evidence of presentation is not sufficient to show conformity with the constitutional requirement, and that oral evidence may be introduced to support the allegation that there was not the required presentation. Since the constitution does not prescribe either the place or manner of presentation, or the evidence by which it should be shown, it seems necessary to consider the purpose for which presentation is required, for it will be safe to assume that the presentation is sufficient if appropriate to that purpose. While the duties of the governor are mainly of an executive character, to the. extent indicated by the constitutional provision quoted, he is admitted to participation in legislation. The three modes, in which he may deal with a bill, which has been passed by both branches of the general assembly and presented to him, alike involve consideration arid an exercise of his judgment respecting its merits. The manner and extent of that consideration are left to the determination of the governor without direction or restriction, except that he may not *209 retain the bill beyond the period of ten days. We can not accept any view of the case which assumes that his discretion in the premises is otherwise limited. He may, in any place and at once, give to the bill the force of the law by signing it; or he may within the ten days return it to the house in which it originated with a statement in writing of his objection thereto; or he may, if he so elects, permit it to become a law at the expiration of ten days without signifying either approval or objection. The object of the requirement of presentation obviously is to afford to the governor an opportunity for the considerate exercise of the discretion which is thus vested in him. To say that the object is to enable him to so exercise that discretion, is manifestly inaccurate.
Was the presentation of this bill appropriate to the purpose stated? The foregoing statement of the case presents numerous written memorials intended to establish the fact of presentation. Among them is the following entry found in the general record of the governor: “March 28. H. B. Number 24 presented to governor March 28. Filed secretary of state, April 10, 1906.” The book in which this entry was made is certainly identified as regularly kept as the governor’s record. It was kept to the knowledge and with the acquiescence of the governor. It had been received by him from his predecessor in office. It was kept in obedience to the requirement of Section 107 of the Revised Statutes that “The governor shall cause to be kept in his office a general record in which shall be entered a brief abstract of the official proceedings of each day.” This par *210 ticular entry was made by a subordinate of the governor in the discharge of duties to which he had been appointed, and the appointment was in strict conformity with the requirement that “the governor shall cause” the record to be kept. Of like character is the entry in the book designated as the “governor’s receipt for bills,” except that there appears to be no statute requiring it to be kept. Over the signature of the governor’s executive clerk it contains a receipt for this bill on March 28. These records with respect to the bill are corroborated by the legislative record, and by those of the secretary of state, who is the custodian of the laws. The executive records referred to were kept in one of several rooms maintained by the state, devoted exclusively to the use of the governor in the conduct of his official business, and designated as the place for the conduct of that business. They seem to show the presentation required by the constitution.
Did the trial court err in excluding the oral evidence offered by the plaintiff? That evidence tended to show that the governor was in his office on the day of his inauguration, January 8, 1906; that he never returned to it, being confined to his residence by an illness which proved mortal on the, 18th day of the following June; that in the meantime, when his strength permitted, he received personal visits from his secretary, who conferred with him respecting the business of his office and pending legislation, and placed in his hands bills which had been presented at his office for his approval; that at one of these interviews while this bill was pending, he indicated his ap *211 proval of its provisions, but that on the 28th day of March, and during the ten days following, he was unable, by reason of his illness, to receive the bill or to give it any consideration. In some of the cases cited in the brief of plaintiff’s counsel, parol evidence was received upon the subject of presentation of bills to the governor. In some of those cases the governor himself affirmed that the bill had not been presented to him, and in most of them it appears that both the law and the practice of the governor left the question of presentation to be determined wholly by evidence in pais. With what propriety evidence of that character was admitted, under such circumstances, we need not consider. Here a record of the fact was made, and this in accordance with not only the requirements of the statute and the custom prevailing in the governor’s office, but in accordance with the policy long established and firmly adhered to requiring that the enactment of officially published statutes shall be impeached only by the records of their enactment. Miller & Gibson v. The State, 3 Ohio St., 475; State, ex rel. Herron, v. Smith, 44 Ohio St., 348. In this connection it is again important to observe that such manner of presentation had the approval of the governor and that it accorded with his discretion. The admission of the governor to a limited participation in legislation affords neither reason nor occasion for a departure from a policy whose beneficent operation has been long realized. It is clear that if one of the steps now necessarily involved in the enactment of a law may, by evidence in pais, be shown not to have been taken, the entire subject of what *212 the law is, is withdrawn from the' protection of the rules devised and applied for the purpose of securing certainty where doubt would be intolerable. The prompt aversion of the legal mind from the consideration of evidence in pais to show the invalidity of an officially promulgated statute is justified by a contemplation of the consequences which would follow. Since judgments bind only those who are parties to the record, a conclusion in one case that a statute is valid would be no bar to a contrary conclusion in another, and not only acts to confer civil rights, but those defining and punishing crimes and misdemeanors might be judicially determined to be void as to one citizen of the state and valid as to another. The secretary of state is the official custodian of our statute laws, and we have long been familiar with the rule founded upon statutes that his certificate is conclusive as to what that law is. Obviously the recognition of the doctrine advanced by counsel for the plaintiff would involve the repudiation of that rule; and, since no one may be required to challenge the validity of a statute until it is invoked against him, there would arise a condition of endless doubt respecting a subject upon which every consideration requires that there should be immediate and enduring certainty. An interesting case upon the subject is The People v. McCullough, 210 Ill., 488, where the court, after considering the testimony of a number of witnesses upon the subject of a presentation of a bill to the governor and his action thereon, became so impressed with the intolerable mischief inseparable from an inquiry of that character that it resorted *213 to the established doctrine respecting the conclusiveness of the record and based its decision upon that ground. That view is well sustained by State, ex rel. Herron, v. Smith, supra, and numerous cases cited in the brief of counsel for the defendants.
It is suggested that the rejected evidence tended to show that on the 28th of March, and continuously for more than ten days thereafter, the governor, owing to his extreme illness, was unable to receive or consider the bill, and that because of his disability the duties of his office devolved upon the lieutenant governer according to the provisions of Section 15 of Article III of the Constitution. But the governor had not voluntarily surrendered the functions of his office, and no provision has been made for determining when a disability intervenes and when it ends. The constitutional provision does not execute itself, and the conduct of the affairs of an office by its occupant can not be questioned in this manner. A self-contained lieutenant-governor could not .be expected to assume the functions of the governor upon his own initiative. The judicial department of the government is charged with the duty of restraining the other co-ordinate departments to the exercise of the authority conferred upon them, but it is not permitted to consider the ability or the care with which such authority is exercised.
According to the well known rule of this court the points decided will be found in the syllabus. It may, however, be useful to add that the foregoing observations are intended to be restricted to the requirements of the present case. We do *214 not consider whether in the absence of the records in the office of the governor, the fact of presentation to the governor should not be regarded as established by the legislative journals and the records of the secretary of state, showing the presentation to the governor and the receipt from him by the secretary.

Judgment affirmed.

Price, Crew, Summers and Spear, JJ., concur.